UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ROSETTA L. HALL,

    Plaintiff,

  v.

STATE OF WISCONSIN,

    Defendant.

Case No. 18-cv-895-pp

---

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DKT. NO. 19) AND DISMISSING CASE**

---

The plaintiff filed her complaint on June 13, 2018, alleging that defendants the State of Wisconsin, the District I Court of Appeals, and Judge Kitty Brennan fired her based on her race and in retaliation. Dkt. No. 1. Two weeks later, she filed an amended complaint, alleging that she was fired due to her race, her age, her disability and in retaliation. Dkt. No. 3. Magistrate Judge David Jones screened the complaint, and dismissed the Court of Appeals and Judge Brennan as defendants. Dkt. No. 5. The State waived service, dkt. no. 9, and filed its answer on October 18, 2018, dkt. no. 11.

After the close of discovery, the State filed this motion for summary judgment. Dkt. No. 19. The State argues that there is no evidence that Judge Brennan fired the plaintiff because of her race; Judge Brennan fired the plaintiff (who had been her judicial assistant) because the plaintiff was insubordinate to Judge Brennan in front of the office staff. Dkt. No. 26 at 3. As to the plaintiff's allegation that Judge Brennan fired her due to her age, the

1

State points out that it is immune from suit under the Age Discrimination and Employment Act, and that there is no evidence that Judge Brennan fired the plaintiff due to her age. Id. The State argues that the court must dismiss the plaintiff's disability claim because the State has sovereign immunity under the ADA, because the Wisconsin Court of Appeals isn't a covered program under the Rehabilitation Act, and because there is no evidence that Judge Brennan believed the plaintiff was disabled or fired her because of a disability. Id. at 4. Finally, the State points out that the plaintiff's retaliation claim consists of a bare-bones, conclusory assertion that she was fired in retaliation. Id.

The defendant filed its motion on August 9, 2019. The plaintiff's opposition materials would have been due September 8, 2019. On August 27, 2019, the court received from the plaintiff a motion for extension of time, asserting that the State had been late in providing her with discovery, that she hadn't been able to schedule a "deposition" and that she thought it would be hard to do so, that she was due even more discovery, that she wanted the court to "dismiss" the summary judgment motion, that there were inconsistencies in Judge Brennan's deposition and that the plaintiff disputed that she was fired for disciplinary reasons. Dkt. No. 29 at 1-2. The State had no objection to the court extending the time for the plaintiff to respond to the summary judgment motion, but pointed out that it had not been able to respond to her requests for emails due to the sheer number of emails it had to review to find those that might be responsive. Dkt. No. 33.

The court refused to dismiss the motion for summary judgment, but extended the deadline for completing discovery to December 13, 2019 (granting the parties an additional two months for discovery) and requiring the defendant to notify the court by December 20, 2019 if it planned to amend the summary judgment motion based on the new discovery. Dkt. No. 34. The court heard nothing from the defendant by December 20, so on December 26, 2019, the court ordered that the plaintiff must file her opposition to the motion for summary judgment in time for the court to receive it by the end of the day on January 31, 2020. Dkt. No. 35. The court advised the plaintiff that if it did not receive the response by the end of the day on January 31, 2020, it could rule on the motion without her input, and might even grant the motion as unopposed. Id.

The plaintiff did not file a response by January 31, 2020. The court will grant the defendant's motion for summary judgment. The only evidence the plaintiff has submitted is her own statement that she was not fired for disciplinary reasons, and a document from Madree Williams, stating that she was not involved "in any of the incidents" described in Judge Brennan's affidavit. Dkt. No. 31. Unlike the affidavits provided by the State, this document filed by the plaintiff is not notarized or sworn, nor is it a verified declaration under 28 U.S.C. §1746. The plaintiff asserted in her August 27, 2019 motion that there were "inconsistencies" in Judge Brennan's declaration (on the docket at Dkt. No. 20) but did not identify those inconsistencies. The plaintiff has presented no evidence of her age, and no evidence showing that

she is disabled; she has not even identified her alleged disability. In contrast, the defendant has presented multiple pieces of evidence—four sworn declarations (including the declaration of a then-sitting state appeals judge), an email, a memo from another appellate judge—demonstrating that Judge Brennan terminated the plaintiff because she could not get along with other court staff and because she defied Judge Brennan (her boss) in an all-staff meeting, in front of the staff.

Under Civil Local Rule 56(b)(4) (E.D. Wis.), the court deems uncontroverted statements of material fact admitted for the purposes of summary judgment. Federal Rule of Civil Procedure 56(e) provides that if a party fails to properly support an assertion of fact or properly address another party's assertion, the court may, among other things, "grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(3). The plaintiff has had almost six months from the date the defendant filed its summary judgment motion to provide her opposition materials. She has provided nothing but some conclusory statements in a motion to extend time and an unsworn, uncertified statement purporting to be from one of the several individuals Judge Brennan mentioned in her declaration. The court will grant summary judgment in favor of the defendant and will dismiss the case.

The court **GRANTS** the defendant's motion for summary judgment under Fed. R. Civ. P. 56(e)(3). Dkt. No. 19.

The court **ORDERS** that this case is **DISMISSED**. The court will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. See Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 3rd day of February, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
Chief United States District Judge**